## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

KRISTIN CANTRELL,                                    )
On Behalf of All Class 1 Beneficiaries,              )
                                                     )
and                                                  )
                                                     )
THE ESTATE OF SCOTT COMBS,                           )
Deceased, KRISTIN CANTRELL, Personal                 )
Representative of the Estate,                        )
                                                     )
                Plaintiffs,                              )
                                                     )
v.                                                   )
                                                     )
RKM FIREWORKS COMPANY,                               )       Case. No._____
Serve at:                                            )
Ronald Evans, Registered Agent                       )
51700 Hazel Rd.,                                     )
Granger, IN, 46530                                   )       JURY TRIAL DEMANDED
                                                     )
LIUYANG HEKOU FIREWORKS                               )
GROUP CO., LTD.,                                      )
Serve at:                                            )
Jianghe Village, Zhonghe Town                        )
Liuyang City, Hunan Province 410300                  )
China                                                )
                                                     )
LIUYANG CHUANGMEI FIREWORKS                           )
TRADE CO., LTD.,                                      )
Serve at:                                            )
Xianglong Village, Wenjiashi Town                    )
Liuyang City, Hunan Province 410300                  )
China                                                )
                                                     )
JOHN DOE I                                            )
                                                     )
and                                                  )
                                                     )
JOHN DOE II,                                          )
                                                     )
                Defendants.                              )

## COMPLAINT

COMES NOW Plaintiff, Kristin Cantrell, on behalf of all Class 1 Beneficiaries, and as the personal representative for the Estate of Scott Combs, by and through counsel, Strong Law, P.C., and Michigan Auto Law and for her Complaint against Defendants RKM Fireworks Company, Liuyang Hekou Fireworks Group Co., Ltd., Liuyang Chuangmei Fireworks Trade Co., Ltd., John Doe I, and John Doe II, states and alleges as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Kristin Cantrell (hereinafter "Kristin") is and, at all times relevant to this Complaint, was a resident of Missouri and the surviving daughter of Scott Combs, deceased.

2.      Plaintiff Kristin Cantrell brings and maintains this cause of action on behalf of all Class 1 Beneficiaries of Scott Combs, pursuant to Cal. Civ. Proc. Code § 377.60, and as the personal representative for the Estate of Scott Combs, pursuant to Cal. Civ. Proc. Code § 377.30; in the alternative, Plaintiff Kristin Cantrell brings and maintains this cause of action as the personal representative for the Estate of Scott Combs, pursuant to Mich. Comp. Laws §§ 600.2921 and 600.2922.

3.      Defendant RKM Fireworks Company (hereinafter "RKM") is an Indiana Corporation with its principal place of business at 27383 May St, Edwardsburg, MI, 49112, USA. "Night Owl" is a branding label used by RKM for a line of fireworks products that RKM imports, packages, markets, labels, and sells. All Night Owl products are designed, sourced, marketed, sold, and distributed by RKM through its established wholesale channels.

4.      Defendant Liuyang Hekou Fireworks Group Co., Ltd. (hereinafter "Hekou") is a foreign corporation with its principal place of business in China.

5.      Defendant Liuyang Chuangmei Fireworks Trade Co., Ltd. (hereinafter "Liuyang") is a foreign corporation with its principal place of business in China.

6.      Defendant John Doe I is any individual, business, company, or other entity who either engaged in the design, testing, manufacture, distribution, and/or sale of various fireworks, including the subject Night Owl Compound Cake firework involved in the incident giving rise to Plaintiff's Complaint. The true identity of Defendant John Doe I is currently unknown despite reasonable efforts to ascertain the name, and Plaintiff reserves the right to amend this Complaint upon discovery of John Doe I's identity.

7.      Defendants Hekou, Defendant Liuyang, and/or John Doe I are and were, at all relevant times, engaged in the design, testing, manufacture, distribution, and/or sale of various fireworks, including the subject Night Owl Compound Cake firework involved in the incident giving rise to Plaintiff's Complaint.

8.      At all times relevant to this Complaint, Defendants Hekou, Defendant Liuyang, and/or John Doe I served a market for professional-grade Articles Pyrotechnic fireworks in the State of Michigan, and one of its products caused fatal injury to a California resident. As such, in accordance with the Supreme Court's ruling in *Ford Motor Co. v. Montana Eighth Judicial Dist.,* 592 U.S. 351 (2021), this Court has personal jurisdiction over Defendants Hekou, Liuyang, and/or John Doe I.

9.      Defendants Hekou, Liuyang, and/or John Doe I are subject to the jurisdiction of this Court, in that it is a company conducting substantial business within the State of

Michigan by maintaining continuous and systematic contacts with the State of Michigan, including, but not limited to:

a. The subject firework manufactured by Defendants Hekou, Liuyang, and/or John Doe I entered the stream of commerce with the intention and understanding that it would be sold and distributed within the United States, including Michigan, and that product was sold, transferred, or otherwise provided to an unlicensed individual, causing fatal injury to a California resident;

b. Defendants Hekou, Liuyang, and/or John Doe I sell and export fireworks, including articles pyrotechnic, globally through a network of distributors, importers, and resellers, including into the Michigan marketplace;

c. Defendants Hekou, Liuyang, and/or John Doe I's fireworks are sold for use in both consumer and professional contexts, and it maintains or supports a business model reliant on U.S.-based commercial channels that include sales and transfers occurring in Michigan;

d. Defendants Hekou, Liuyang, and/or John Doe I have purposefully availed itself of the U.S. and Michigan markets by designing, packaging, and marketing its products in a manner calculated to reach end users within Michigan;

e. Defendants Hekou, Liuyang, and/or John Doe I serve as the exclusive manufacturer of Night Owl, the exclusive house-brand name firework of RKM, a Michigan-based company; and

f.  Defendants Hekou, Liuyang, and/or John Doe I's fireworks have been used and distributed in the State of Michigan in past years, and Defendants Hekou, Liuyang, and/or John Doe I have continued to maintain a commercial presence within the United States, including participation in regulated export/import operations targeting U.S. states such as Michigan.

10.  Defendants Hekou, Liuyang, and/or John Doe I's commercial activities directed at Michigan are sufficiently continuous and systematic as to render it essentially at home in this forum, and it has purposely availed itself of the privilege of conducting business within the State of Michigan.

11.  Defendants Hekou, Liuyang, and/or John Doe I's conduct and connections with Michigan are such that it could reasonably anticipate being haled into court here, and the exercise of jurisdiction over Defendants Hekou, Liuyang, and/or John Doe I in this case comports with traditional notions of fair play and substantial justice.

12.  Defendant John Doe II is any individual, business, company, or other entity who either (a) purchased or otherwise obtained the subject firework from Defendant RKM and subsequently provided or transferred it to Robert Mounts, or (b) received the firework directly from RKM Fireworks Company for the purpose of distribution or resale, and through whose actions the firework ultimately came into the possession of Scott Combs. The true identity of Defendant John Doe II is currently unknown despite reasonable efforts to ascertain the name and identity, and Plaintiff reserves the right to amend this Complaint upon discovery of John Doe II's identity.

13.  No defendant is a citizen of Michigan and/or California.

14.     This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. §1332 as this is an action between citizens of different states and the amounts in controversy as to each Defendant, individually, greatly exceed seventy- five thousand dollars ($75,000.00), exclusive of interest and costs.

15.     Venue is proper under 28 U.S.C. § 1391(a)(2) as a substantial part of the matters, events, and omissions giving rise to the claims occurred in the Western District of Michigan.

## FACTS COMMON TO ALL COUNTS

16.     On or about July 4, 2024, Scott Combs was sitting outside at a residence in Orange County, California preparing to celebrate the holiday.

17.     At the same time and place, Robert Mounts ("Mounts") arrived at the location with two (2) large professional-grade Night Owl compound cake fireworks.

18.     The compound cake fireworks were Articles Pyrotechnic devices manufactured by Defendants Hekou, Liuyang, and/or John Doe I and sold by Defendant RKM under the brand name "Night Owl." These devices required professional licensure for lawful purchase and use. One (1) of the two (2) fireworks, later determined to be the device that killed Scott Combs, bore identifying information including: "Night Owl Compound Cake – 288 Shot Show In A Box #2, Product ID: NO-288X-8002" (hereinafter, the "subject firework" or "subject Night Owl firework" or "Night Owl").

19.     Mounts and Scott proceeded to light the first compound cake firework, which ignited and exploded in the air without issue.

6

20.     Scott then attempted to light the subject Night Owl firework. Prior to lighting the fuse, Scott had made no modifications nor alterations to the subject firework.

21.     Scott reasonably expected the fuse to give him sufficient time in which to retreat from the Night Owl.

22.     Instead, as Scott attempted to light the fuse of the subject Night Owl firework, it exploded promptly and without warning.

23.     The firework launched into Scott's head, penetrating his skull and throwing him onto the ground. He immediately began bleeding profusely from the massive wound.

24.     Scott Combs died from his injuries.

25.     The subject firework was manufactured in China by Defendants Hekou, Liuyang, and/or John Doe I and distributed throughout the United States through Defendant RKM, which imported the firework and sold it in Michigan as part of its Night Owl product line.

26.     Upon information and belief, RKM sold the firework to Mounts and/or to Defendant John Doe II, in the State of Michigan and/or from the state of Michigan. The firework was then sent to and/or transported to California, where it was ultimately discharged and killed Scott Combs.

27.     Mounts and/or John Doe II did not possess the required federal or state licenses to purchase, possess, or use the Articles Pyrotechnic device. These fireworks are highly regulated due to their explosive power and are restricted for use only by certified professionals.

28.    RKM sold the firework either (1) directly to Robert Mounts; (2) to an individual identified as John Doe II, who was unlicensed, and uncertified and who then transferred or sold it to Mounts; or (3) to a licensed individual and/or entity identified as John Doe II who unlawfully transferred it to Mounts. In each scenario, RKM and/or John Doe II failed to verify whether the purchaser and/or ultimate recipient was properly licensed and/or certified, despite the firework's classification as a professional-grade Article Pyrotechnic and the requirements of applicable laws and safety regulations.

29.    RKM and/or John Doe II's sale of this firework to an unlicensed and uncertified individual was unlawful and directly resulted in the firework falling into the hands individuals with no knowledge of the necessary licensure and training and who failed to appreciate its dangers.  This resulted in the firework exposing Scott Combs to serious injury and death, as Scott who was not qualified nor equipped to handle or use such a device, and Scott had received no warning nor training thereon.

### Count I – Strict Products Liability - Manufacturing, Design, and Warning Defect

COMES NOW Plaintiff Kristin Cantrell, by and through counsel, and for Count I of her Complaint against Defendants RKM, Hekou, Liuyang, John Doe I, and John Doe II, states and alleges as follows:

30.    Plaintiff Kristin Cantrell incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

31.    Defendants Hekou, Liuyang, and/or John Doe I are in the business of designing and manufacturing fireworks, including the subject firework.

32.    Defendant RKM and/or John Doe II is in the business of branding, distributing, and selling fireworks, including the subject firework, in the regular course of their respective businesses.

33.    At the time the subject Night Owl firework was sold by Defendant RKM and/or John Doe II and manufactured by Defendants Hekou, Liuyang, and/or John Doe I, it was in an unreasonably dangerous condition when used in a manner that was reasonably anticipated.

34.    Scott Combs used the Night Owl in a reasonably anticipated manner, and in a manner foreseeable under the circumstances.

35.    The Night Owl was rendered unreasonably dangerous because it was defectively manufactured, defectively designed, and/or lacked adequate warnings.

36.    Defendants RKM, John Doe II, Hekou, Liuyang, and/or John Doe I failed to use ordinary care to manufacture, design, and/or market the product to be reasonably safe, and failed to test the product to determine if it met the requirements of a lawful firework product, and failed to determine the specific use, handling and fuse quality requirements for the product to provide adequate warnings.

37.    The Night Owl was rendered unreasonably dangerous in that:

    a. The subject firework was susceptible to premature or unpredictable ignition, making it unreasonably dangerous for its intended use;

    b. The fuse design and placement of the subject firework were defective and failed to provide safe and predictable ignition;

9

c. The subject firework lacked an internal safety feature to prevent hazardous discharge during normal handling and lighting;

d. The subject firework was defectively manufactured with inconsistent construction or assembly;

e. The subject firework was made with substandard or unstable components that compromised its safety;

f. The subject firework deviated from its intended design specifications, rendering it unreasonably dangerous;

g. The subject firework failed to include adequate warnings regarding the risk of sudden, premature, and/or violent ignition;

h. The subject firework did not provide sufficient instructions for safe use;

i. The subject firework lacked clear and conspicuous warnings that it required professional licensure for purchase and use;

j. The subject firework was misclassified or marketed in a manner that made it appear suitable for consumer use, despite it being unsuitable for such use;

k. The labeling and product identification on the subject firework were inadequate and failed to include necessary hazard warnings;

l. The subject firework was unlawfully sold and/or distributed to unlicensed or untrained individuals;

10

m. The subject firework was designed with a condition not contemplated by the ultimate consumer, which made the product unreasonably dangerous to the consumer;

n. The subject firework was designed and/or manufactured in violation of industry standards, guidelines, and protocols;

o. The subject firework was not properly tested in foreseeable use environments;

p. A foreseeable risk of harm could have been reduced or avoided by the adoption of a reasonable alternative design, and the failure to implement this alternative design rendered the product unreasonably dangerous; and

q. Any other ways learned through discovery.

38. The Night Owl had a particularly unreasonably dangerous latent defect or hazard when put to its expected use.

39. Defendants RKM and/or John Doe II and Defendants Hekou, Liuyang, and/or John Doe I had no reason to believe that the consumer would realize the danger posed by the product's defect or hazard, and no reason to believe the consumer would understand the unreasonably quick discharge risk.

40. Defendants RKM and/or John Doe II and Defendants Hekou, Liuyang, and/or John Doe I knew or by using ordinary care should have known of the dangerous condition of the product.

41. Defendants RKM and/or John Doe II and Defendants Hekou, Liuyang, and/or John Doe I failed to warn of the danger.

11

42.    Defendants RKM and/or John Doe II and Defendants Hekou, Liuyang, and/or John Doe I did not provide adequate warnings of the danger.

43.    Defendants RKM and/or John Doe II and Defendants Hekou, Liuyang, and/or John Doe I failed to provide clear and conspicuous warnings that the subject firework required professional licensure for purchase and use.  Defendants failed to ensure proper training and licensure.

44.    As a direct and proximate result of the defective condition as it existed when the Night Owl was designed, sold, and/or manufactured and/or was sold and/or manufactured without an adequate warning, Scott suffered severe injuries resulting in his death.

45.    Prior to Scott's premature death, he was an able-bodied man, capable of doing and performing work and labor. As a direct and proximate result of his death, Plaintiff has, and in the future will, suffer loss of income, wages, earnings, salaries, and profits.

46.    Because of Scott's untimely death, Plaintiff has suffered and will in the future suffer pecuniary losses and have been, and in the future will be, deprived of his services, society, support, maintenance, advice, consortium, guidance, companionship, comfort, instruction, counsel, training, damages as compensation for the injury to and death of Scott Combs, all fair and equitable damages, and have sustained other damages which can reasonably be measured in monetary terms.

47.    Plaintiff has also incurred medical, funeral, burial, and other financial expenses/losses as a result of Scott's death.

12

48.     Plaintiff is entitled to all such damages permitted by law.

WHEREFORE, Plaintiff Kristin Cantrell, as Class I claimant and personal representative, prays for judgment against Defendants RKM, Hekou, Liuyang, John Doe I, and John Doe II for such sums as are reasonable and necessary to compensate her as well as for the injuries and extreme pain and suffering experienced by Scott before death, all damages resulting from Scott's death caused by the defective product as set forth above, for all costs incurred, for post judgment interest, and for further relief as the Court deems just and proper.

### Count II—Breach of Warranty

COMES NOW Plaintiff Kristin Cantrell, by and through counsel, and for Count II of her Complaint against Defendants RKM, Hekou, Liuyang, John Doe I, and John Doe II, states and alleges as follows:

49.     Plaintiff Kristin Cantrell incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

50.     Defendants impliedly warranted that the Night Owl was merchantable and fit for the ordinary purposes for which the pyrotechnic was used.

51.     When sold by Defendants, the Night Owl was not fit for its ordinary purposes.

52.     Scott Combs used the Night Owl for ordinary and foreseeable purposes.

53.     As a direct and proximate result of Defendants' breaches of warranties, Scott suffered severe injuries resulting in his death.

54.     Prior to Scott's premature death, he was an able-bodied man, capable of doing and performing work and labor. As a direct and proximate result of his death, Plaintiff has, and in the future will, suffer loss of income, wages, earnings, salaries, and profits.

55.     Because of Scott's untimely death, Plaintiff has suffered and will in the future suffer pecuniary losses and have been, and in the future will be, deprived of his services, society, advice, support, maintenance, consortium, guidance, companionship, comfort, instruction, counsel, training, damages for compensation for the injury and death of Scott Combs, all fair and equitable damages and have sustained other damages which can reasonably be measured in monetary terms.

56.     Plaintiff has also incurred medical, funeral, burial, and other financial expenses/losses as a result of Scott's death.

WHEREFORE, Plaintiff Kristin Cantrell, as Class I claimant and personal representative, prays for judgment against Defendants RKM, Hekou, Liuyang, John Doe I, and John Doe II for such sums as are reasonable and necessary to compensate her as well as for the injuries and extreme pain and suffering experienced by Scott before death, all damages resulting from Scott's death caused Defendants' breaches as set forth above, for all costs incurred, for post judgment interest, and for further relief as the Court deems just and proper.

### Count III – Negligence

COMES NOW Plaintiff Kristin Cantrell, by and through counsel, and for Count III of her Complaint against Defendants RKM, Hekou, Liuyang, John Doe I, and John Doe II,

14

states and alleges as follows:

57.   Plaintiff Kristin Cantrell incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

58.   Defendants RKM and/or John Doe II and Defendants Hekou, Liuyang, and/or John Doe I were negligent in designing, manufacturing, testing, and/or failing to warn regarding the subject firework, in one or more of the following ways:

    a. The subject firework was susceptible to premature or unpredictable ignition, making it unreasonably dangerous for its intended use;

    b. The fuse design and placement of the subject firework were defective and failed to provide safe and predictable ignition;

    c. The subject firework lacked an internal safety feature to prevent hazardous discharge during normal handling and lighting;

    d. The subject firework was defectively manufactured with inconsistent construction or assembly;

    e. The subject firework was made with substandard or unstable components that compromised its safety;

    f. The subject firework deviated from its intended design specifications, rendering it unreasonably dangerous;

    g. The subject firework failed to include adequate warnings regarding the risk of sudden or violent ignition;

    h. The subject firework did not provide sufficient instructions for safe use;

i.  The subject firework lacked clear and conspicuous warnings that it required professional licensure for purchase and use;

j.  The subject firework was misclassified or marketed in a manner that made it appear suitable for consumer use;

k.  The labeling and product identification on the subject firework were inadequate and failed to include necessary hazard warnings;

l.  The subject firework was unlawfully sold or distributed to unlicensed or untrained individuals;

m.  The subject firework was designed with a condition not contemplated by the ultimate consumer, which made the product unreasonably dangerous to the consumer;

n.  The subject firework was designed and/or manufactured in violation of industry standards, guidelines, and protocols;

o.  The subject firework was not properly tested in foreseeable use environments;

p.  A foreseeable risk of harm could have been reduced or avoided by the adoption of a reasonable alternative design, and the failure to implement this alternative design rendered the product unreasonably dangerous; and

q.  Any other ways learned through discovery.

59.  As a direct and proximate result of Defendant RKM, Hekou, Liuyang, John Doe I, and/or John Doe II's negligence, Scott suffered severe injuries resulting in his death.

16

60.     Prior to Scott's premature death, he was an able-bodied man, capable of doing and performing work and labor. As a direct and proximate result of his death, Plaintiff has, and in the future will, suffer loss of income, wages, earnings, salaries, and profits.

61.     Because of Scott's untimely death, Plaintiff has suffered and will in the future suffer pecuniary losses and have been, and in the future will be, deprived of his services, society, support, maintenance, advice, consortium, guidance, companionship, comfort, instruction, counsel, training, damages as compensation for the injury to and death of Scott Combs, all fair and equitable damages, and have sustained other damages which can reasonably be measured in monetary terms.

62.     Plaintiff has also incurred medical, funeral, burial, and other financial expenses/losses as a result of Scott's death.

WHEREFORE, Plaintiff Kristin Cantrell, as Class I claimant and personal representative, prays for judgment against Defendants RKM, Hekou, Liuyang, John Doe I, and John Doe II for such sums as are reasonable and necessary to compensate her as well as for the injuries and extreme pain and suffering experienced by Scott before death, all damages resulting from Scott's death caused Defendants' negligence as set forth above, for all costs incurred, for post judgment interest, and for further relief as the Court deems just and proper.

### **Count IV – Negligence**

COMES NOW Plaintiff Kristin Cantrell, by and through counsel, and for Count IV of her Complaint against Defendants RKM and John Doe II, states and alleges as follows:

63.    Plaintiff Kristin Cantrell incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

64.    The subject firework was an Articles Pyrotechnic device as defined under applicable federal and state regulations and was not lawful for general consumer use.

65.    Articles Pyrotechnic devices are professional-grade fireworks that are restricted to use by licensed operators, and may only be sold, transferred, and/or used by individuals or entities holding appropriate federal, state, and/or local licensure.

66.    Defendant RKM and/or Defendant John Doe II were involved in the sale, transfer, and/or distribution of the subject firework, either as commercial suppliers or as individuals unlawfully possessing or transferring a restricted explosive device, to unlicensed persons.

67.    Upon information and belief, neither the purchaser, Robert Mounts, nor the ultimate users of the subject firework, Mounts and Scott Combs, held any licensure or certification required to lawfully purchase or ignite an Articles Pyrotechnic device.

68.    Defendant RKM and/or John Doe II sold and/or released the subject firework into the stream of commerce without implementing or enforcing safeguards to ensure that it would only be possessed and used by properly licensed individuals.

69.    Neither Robert Mounts nor John Doe II, if and when RKM sold the firework to them, possessed the licensure or qualifications legally required to purchase, possess, or ignite an Article Pyrotechnic device. In the alternative, if John Doe II did possess a lawful license, he unlawfully transferred the firework to Robert Mounts, who lacked the required licensure.

70. Mounts, after acquiring the subject firework through unlawful or unlicensed means, transported it to the location where Scott Combs ultimately attempted to ignite it, resulting in Combs's death.

71. Defendants RKM and/or John Doe II, failed to verify licensure or restrict distribution of the subject firework, despite knowing or having reason to know that it posed serious risks when possessed or used by unlicensed individuals.

72. Defendants knew or reasonably should have known that the subject firework required special handling and was inherently dangerous in the hands of unlicensed users, yet failed to take any steps to verify legal compliance before sale or transfer.

73. As a direct and proximate result of Defendant RKM and John Doe II's negligence, Scott suffered severe injuries resulting in his death.

74. Prior to Scott's premature death, he was an able-bodied man, capable of doing and performing work and labor. As a direct and proximate result of his death, Plaintiff has, and in the future will, suffer loss of income, wages, earnings, salaries, and profits.

75. Because of Scott's untimely death, Plaintiff has suffered and will in the future suffer pecuniary losses and have been, and in the future will be, deprived of his services, society, support, maintenance, advice, consortium, guidance, companionship, comfort, instruction, counsel, training, damages as compensation for the injury to and death of Scott Combs, all fair and equitable damages, and have sustained other damages which can reasonably be measured in monetary terms.

76. Plaintiff has also incurred medical, funeral, burial, and other financial expenses/losses as a result of Scott's death.

WHEREFORE, Plaintiff Kristin Cantrell, as Class I claimant and personal representative, prays for judgment against Defendants RKM and John Doe II for such sums as are reasonable and necessary to compensate her as well as for the injuries and extreme pain and suffering experienced by Scott before death, all damages resulting from Scott's death caused Defendants' negligence as set forth above, for all costs incurred, for post judgment interest, and for further relief as the Court deems just and proper.

Respectively Submitted

STRONG LAW, P.C.

Chandler Gregg – MO Bar #56612
Michael Steelman – MO Bar #77420
901 E. St. Louis Street, Suite. 1800
Springfield, Missouri 65806
Telephone: (417) 887-4300
Facsimile: (417) 887-4385
chandler@stronglaw.com
msteelman@stronglaw.com
twilliams@stronglaw.com

and

MICHIGAN AUTO LAW

Timothy A. Holland (P66218)
Laura Skenderas (P85348)
Brandon M. Hewitt (P70820)
212 Cesar E. Chavez Ave. SW, Suite 105
Grand Rapids, MI 49503
Telephone: (616) 447-8847
Facsimile: (248) 254-8089
tholland@michiganautolaw.com
lskenderas@michiganautolaw.com
bhewitt@michiganautolaw.com

**Attorneys for the Plaintiff**